UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carmen E. Burgos

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

City University of New York

Lehman College

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: __1/15/13__

__08__ **Civ.** __6452__ (NRB) ( )

**NOTICE OF MOTION**

Motion to Reconsider

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Carmen E. Burgos ,
*(name)*

affirmed on January 15 , 20_13_ , and upon the exhibits attached thereto *(delete if no*

*exhibits)*, the accompanying ~~Memorandum of Law~~ in support of this motion *(delete if there is no*

*Memorandum of Law)*, and the pleadings herein, (plaintiff)/defendant will move this Court, before
*(circle one)*

Judge Naomi Reice Buchwald , United States District/Magistrate Judge, for an order
*(Judge's name)*                                                                              *(circle one)*

pursuant to Rule __60 (b)__ of the Federal Rules of Civil Procedure granting *(state what you want the*

*Judge to order)*: I am requesting relief from the final judgement and to have my case restored to the calendar.

If my request is accepted, Your Honor I am pleading for your assistance in obtaining a pro bono or contingency

attorney to complete this case in a fair and legal manner. My case was settled and dismissed without my

Knowledge. I believe this is an ethical violation. Critical documents were not filed in a timely manner which,

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: __New York__ , __NY__
       *(city)*     *(state)*

__January 15__ , 20_13_
*(month)*   *(day)*   *(year)*

Signature Carmen Burgos

Address 150 w. 225th street
         Bronx New York, NY

Telephone Number (718) 563-6093

Fax Number *(if you have one)* _____

*Rev. 05/2007*

Has caused my case to be dimissed.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carmen E. Burgos

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

08   Civ.   6452   (NRB) (___)

**AFFIRMATION IN
SUPPORT OF MOTION**

- against -

City University of New York

_____

Lehman College

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, __Carmen E. Burgos__ , **affirm under penalty of perjury** that:
     *(name)*

1.   I, __Carmen E. Burgos__ , am the plaintiff/defendant in the above entitled action,
       *(name)*         *(circle one)*
and respectfully move this Court to issue an order __Rule 60(b) Request relief from final judgement__ .
                             *(state what you want the Judge to order)*

2.   The reason why I am entitled to the relief I seek is the following *(state all your reasons using additional paragraphs and sheets of paper as necessary)*: __My case was settled and dismissed without my knowledge, which I believe is an ethical violation. Critical documents were not filed in a timely manner which, has caused my case to be dismissed. My attorney Mr. Wortorson did not bring important witnesses to be questioned in deposition on my behalf. He was unresponsive to my case.__

    **WHEREFORE,** I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: __Bronx__ , __NY__
       *(city)*      *(state)*
__Dec__ , __08__ , 20 __12__
  *(month)*   *(day)*   *(year)*

Signature X _Carmen Burgos_
Address __150 w. 225th street__
      __Bronx New York, NY__
Telephone Number __(718) 563-6093__
Fax Number *(if you have one)* _____

Rev. 05/2007

VIJAY J. PAGHDAL
Notary Public, State of New York
Registration #01PA6118502
Qualified in Bronx County
Commission Expires Nov. 6, 2015

1. On April 26, 2012 I received a copy of the settlement agreement via email. I read it and it worried me deeply. That same day I faxed it over to my workmen's compensation Law office, Richard Harris and associates. I had spoken with my attorney in the past about this case I was advised not to sign any settlement until they have read it because it could be damaging to my workers compensation case. I faxed it to Johnny one of the paralegals that work for the firm. **(Exhibit 1)**

2. On April 27, 2010 I spoke to Johnny. He informed me that the settlement could be damaging to my workmen's compensation case. He told me that Mr. Wortorson needed to get some kind of consent. He asked me to have Mr. Wortorson phone him and he would inform him about what he needed to do. I phoned Mr. Wortorson the same day and I informed him that I would not be signing the settlement. I also informed him of what I was advised and why. I asked him to call the law firm and ask for Johnny. He would let him know what to do. I also told Mr. Wortorson that I did not agree with not being able to work at any CUNY college, if I became healthy enough to do so. It also bothered me that none of the long list of witnesses that Perthrina (Mr. Wortorsons paralegal) and I developed for Mr. Wortorson was questioned. How could there be a fair settlement agreement on my behalf? How could Mr. Wortorson ask for punitive damages without questioning the witnesses? When I spoke to Mr. Wortorson on April 27, 2010. I explained to him that I would not be signing the settlement and why. He became very angry. However, after our conversation I understood that we would be waiting for another court date. In August 2010 I had knee surgery. In April of 2013 I will be scheduled to have shoulder surgery. These injuries are covered by workmen compensation. I still have few more surgeries in my near future. This settlement could have been detrimental to my health and a hardship on my life.

3. In July 2010 I phoned Mr. Wortorsons office and spoke with his paralegal Perthrina. I informed her that I would be going away for 1 week at the end of the month, just in case any thing came up. She told me that she would put it on the calendar because we were still waiting on a court date.

4. On January 18 2012 I phoned Mr. Wortorsons office because I still did not hear from him for a new court date. Perthrina informed me that my case was dismissed from what she remembered. I was no longer on the client list. She also said something about confidentiality. I told her that I did not know what she was speaking about. I said to her I never signed the settlement. How could my case get dismissed and I never get informed? She told me she would have Mr. Wortorson phone me but the call never came.

5. On January 30th 2012 I sent Mr. Wortorson a certified letter requesting he get in touch with me by February 13,2012 about my case. **(Exhibit 2)**

6. On February 7, 2012 Mr. Wortorson phoned me. He told me that my case was dismissed that I knew it because I was in the courtroom. I told him that I did not know what he was speaking about. He also said that the second case (10 civ. 1239) was automatically sent to the same judge. But he never took it. I did not want him to handle it

because he was angrily handling the first case (08 civ. 6452). That's why I filed the second case myself. However he handed me a letter April 1, 2010 in the courtroom showing that he added $2000 to the settlement. I did not have the opportunity to let him know how I felt **(Exhibit 3)**. This settlement is something I totally disagreed with. I feel Mr. Wortorson improperly handled my case and violated my rights. I told him he emailed me a settlement, which I did not agree with or sign. I explained to him why. He asked me if I still had it? I said yes. He said he would have to look for it. Then he said he found it. He said we had 30 days to respond which he said was told to me in the courtroom. I told him that I did not remember that. I asked him why did I not receive any notice to inform me of that? He said that there was no notice. I told him again that the settlement would have hurt my worker's compensation case. He said didn't I tell you that it would? I told him no the paralegal from Richard Harris firm informed me. I asked how could my case be dismissed and I not be informed? He blamed it on Perthrina his paralegal. Again he said he did not take my second case. I informed Mr. Wortorson that I was going to the courthouse to find out what happened to my case. He said that there was a letter attached to the settlement in May 2010 that was suppose to be sent to me. But again he said Perthrina forgot to send it to me. He said the letter stated something about removing the workers compensation issue from it. He told me that I could come to the office to see the letter. I asked him to mail it to me. He told me he would but I never received it. Mr. Wortorson said if I want to, I could sign the settlement and get the money within six months. He does not seem to get it. I do not want to sign that settlement. That statement he made about May 2010 did not seem right. He settled the case On April 27,2010, which I found out when I went to court.

7. On March 2, 2012 I went to Federal court. I got a copy of the minutes and a copy of the letter from Judge Naomi Reice Buchwald. It showed that the case was settled on April 27, 2010 and dismissed without cost and prejudice. It could be restored within 30 days. This is the letter that Mr. Wortorson said did not exist. The April 27, 2010 date is also the day that I had informed Mr. Wortorson that I was not interested in signing the settlement. Way within the 30 days.   My rights were again were violated. **(Exhibit 4)**

8. **Conclusion**: My case was settled and dismissed without my knowledge. I believe, this is an ethical violation. Critical documents were not filed in a timely manner, which has caused my case to be dismissed. Mr. Wortorson did not bring important witnesses to a deposition to be questioned so that he could ask for a fair settlement on my behalf. I feel he was unresponsive to my case. Your Honor I am pleading with you to restore my case back to the calendar. I am also begging for your assistance in obtaining a pro bono or contingency attorney to handle my case in a fair and legal manner. I have tried and have been unsuccessful in obtaining counsel.

**I declare under penalty of perjury that the forgoing is true and correct**



**Plaintiff**

**Carmen Burgos**

**150 w. 225th street**
**Bronx New York, NY 10463**
**Apt 16A**

V.
**Defendant**

**Lehman College**

cc. **Charles Ethan Enloe**
New York State Office of the
Attorney General
120 Broadway
New York, NY 10271

**Antoinette W Blanchette**
New York State Office of the
Attorney General (24th Floor)
120 Broadway, 24th Floor
New York, NY 10271

P Officejet 5600 series 5610                    Personal Printer/Fax/Copier/Scanner

og for
armen Burgos
7185636093
pr 26 2010 9:03a

ast Transaction

| ate | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|----------------|----------|-------|--------|
| pr 26 | 08:58a | Fax Sent | 17182753405 | 4:45 | 12 | OK |

Wortorson needs to
get a consent
Call the and they will
Guide ask for Johnny

718 275-3660

Exhibit 1

4-26-10

Att: Johnny

This is the settlement agreement I was speaking about. Please have a Lawyer read it. It if will affect my workers Comp Case I need to Know because than I will not sign it

If you have any questions please call me at
(718) 563-6093

Thanks
Carmen Burgos

Date of injury is ~~3-~~ 3-21-03

NCB # 00319674

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CARMEN E. BURGOS,                                    :
                                    Plaintiff,       :    08 Civ. 6452
                                                     :       (NRB)
              -against-                              :
                                                     :
CITY UNIVERSITY OF NEW YORK,                         :
LEHMAN COLLEGE                                       :         **SETTLEMENT AGREEMENT,**
                                                     :         **GENERAL RELEASE, AND**
                                    Defendant.       :         **STIPULATION AND**
------------------------------------------------------         **ORDER OF DISMISSAL**
CARMEN E. BURGOS,                                    :
                                    Plaintiff,       :    10 Civ. 1239
                                                     :       (NRB)
              -against-                              :
                                                     :
CITY UNIVERSITY OF NEW YORK,                         :
LEHMAN COLLEGE                                       :
                                                     :
                                    Defendant.       :
-------------------------------------------------------X

      SETTLEMENT AGREEMENT AND GENERAL RELEASE ("the Agreement") made

by and between Carmen Burgos ("Plaintiff") and The City University of New York ("CUNY"),

as of April 16, 2010:

      WHEREAS, Plaintiff commenced the above-captioned action entitled <u>Carmen E. Burgos</u>

<u>v. City University of New York, Lehman College,</u> Docket No. 08 Civ. 6452 (NRB), on or about

July 18, 2008, by filing a complaint in the United States District Court for the Southern District

of New York against CUNY; and

      WHEREAS, Plaintiff commenced the above-captioned action entitled <u>Carmen E. Burgos</u>

<u>v. City University of New York, Lehman College,</u> Docket No. 10 Civ. 1239 (NRB), on or about

February 17, 2010, by filing a complaint in the United States District Court for the Southern

District of New York against CUNY (collectively, "The Actions"); and

WHEREAS, Lehman College is a senior college and subdivision of CUNY and is not a legally cognizable entity separate and apart from CUNY, and CUNY is, therefore, the sole appropriate defendant in The Actions; and

WHEREAS, CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) expressly denies any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law in The Actions whatsoever; and

WHEREAS, Plaintiff and CUNY desire to fully resolve The Actions and any and all other disputes, whether known or unknown, between them without further litigation and without admission of fault or liability;

NOW, THEREFORE, in consideration of the mutual promises, covenants and other consideration contained in this Agreement, Plaintiff and CUNY hereby agree as follows:

1.0     **Dismissal Of The Actions With Prejudice.**  The Actions are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a) and without payments, attorneys' fees, costs, disbursements or expenses in excess of the amounts specified in Paragraphs 2.1 and 2.2 of this Agreement.

2.0     **Payments.**  For and in consideration of the dismissal of The Actions with prejudice and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff and/or her attorneys shall be paid the gross sum of Twelve Thousand Dollars ($12,000.00), as specified in Paragraphs 2.1 and 2.2 of this Agreement, in full and final satisfaction of all claims, allegations and causes of action, direct or indirect, known or unknown, that Plaintiff had, has or may have against CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any

related entities of CUNY) and/or its officers, agents or employees, whether in their individual or official capacities, arising out of conduct, acts or omissions prior to and as of the date of this Agreement including but not limited to those asserted in The Actions.

2.1     **Payment To Plaintiff By CUNY.**  CUNY shall pay to Plaintiff the gross sum of Seven Thousand Dollars ($7,000.00), less any and all applicable withholding and/or payroll deductions (including, without limitation, federal, state and local taxes), for which an I.R.S. Form W-2 shall be issued, in full and complete satisfaction of all claims, allegations or causes of action for lost wages and benefits (including, without limitation, back pay, front pay, severance pay, commissions, bonuses, reimbursements and pension plan contributions).  The foregoing payment shall be made payable to:  Carmen Burgos, c/o Law Offices of Ambrose Wotorson, 26 Court Street, Suite 1811, Brooklyn, New York 11242.

2.2     **Payment To Plaintiff By The State Of New York.**  The State of New York, on behalf of CUNY, shall pay to Plaintiff the gross sum of Five Thousand Dollars ($5,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of all claims, allegations or causes of action for compensatory damages (including, without limitation, pain and suffering, mental and emotional anguish and trauma, punitive damages, and liquidated damages), and in full and complete satisfaction of any and all claims, allegations or causes of action for attorneys' fees, costs, disbursements and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in The Actions as well as in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon or alleging any of the acts, transactions, occurrences or omissions asserted in The Actions.  The foregoing payment shall be made payable to: Carmen Burgos, c/o Law Offices of Ambrose Wotorson, 26 Court Street, Suite 1811, Brooklyn, New

York 11242.

**3.0   State Approval Of Payments.**   It is understood and agreed by the parties to this Agreement that the payments specified in Paragraphs 2.1 and 2.2 of this Agreement are subject to the approval of all appropriate state officials in accordance with N.Y. Pub. Off. Law § 17, and the settlement memorialized herein shall not be binding on CUNY or the State of New York until such approvals have been finalized.

**4.0   Accrual Of Interest.**   In the event that the payments referenced in Paragraphs 2.1 and 2.2 of this Agreement have not been made by the one hundred twentieth day after receipt by the New York State Department of Law of a "So Ordered" copy of this Agreement, endorsed by a judge of this Court and entered into the record by the Clerk of Court, interest on any of the sums not paid by the one hundred twentieth day shall begin to run on the one hundred twenty-first day at the statutory rate in accordance with 28 U.S.C. § 1961.

**5.0   Liability Of Plaintiff And Her Attorneys For Taxes.**   It is understood and agreed by the parties to this Agreement that any taxes, or interest or penalties on taxes, on the payments specified in Paragraphs 2.1 and 2.2 of this Agreement shall be the sole and complete responsibility of Plaintiff or her attorneys, respectively, and that Plaintiff and her attorneys shall have no claim, right or cause of action against the State of New York, CUNY or any of their subdivisions, units or related entities on account of such taxes, interest or penalties.

**6.0   General Release In Favor Of CUNY.**   For and in consideration of the payments specified in Paragraphs 2.1 and 2.2 of this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors and assigns (collectively, "the Releasing Parties"), hereby release and forever

discharge CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) and all of its present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns (collectively, "the Released Parties") from all manner of actions, injuries, proceedings, hearings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever up to and including the date of this Agreement, including but not limited to:  (a) any and all claims or causes of action regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the complaints in The Actions; (b) any and all claims or causes of action regarding or arising directly or indirectly from either Plaintiff's employment and/or association with any of the Released Parties or the termination thereof or the terms and conditions of her employment and/or association with any of the Released Parties; (c) any and all claims or causes of actions for discrimination, harassment, or hostile work environment based upon race, color, national origin, ancestry, religion, disability, age, marital status, sex, sexual orientation, citizenship, military service, status, or medical condition, or retaliation; (d) any and all claims or causes of action under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders including, without limitation, claims or causes of action under 42 U.S.C. §§ 1981-1988, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Title IX of the Education

Amendments of 1972, 20 U.S.C. § 1681 et seq., the Equal Pay Act of 1963, 29 U.S.C. § 206(d),

the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., the Rehabilitation Act of 1973, 29

U.S.C. § 794 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the

New York State Human Rights Law, N.Y. Exec. Law § 296 et seq., the New York City Human

Rights Law, N.Y.C. Admin. Code § 8-101 et seq., the United States Constitution, the New York

State Constitution, and the New York City Charter; (e) any and all claims or causes of action for

salary, bonuses, severance pay, vacation pay, sick pay, incentive pay or other compensation, or

any nonvested retirement, pension or savings plan benefits; (f) any and all grievances pursuant to

any applicable collective bargaining agreement; and (g) any and all other claims or causes of

action, whether for moneys owed, damages (including, without limitation, claims or causes of

action for equitable relief, compensatory, punitive or other damages), breach of implied or

express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation,

infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or

any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any

other claims under federal, state, or local law relating to employment, or otherwise.  This

General Release also includes a waiver and release of any and all claims related to allegations

made before the U.S. Equal Employment Opportunity Commission, the New York State

Division of Human Rights and/or the New York City Commission on Human Rights, as well as

any and all claims against the State of New York, its agencies, departments and officials in the

New York Court of Claims or any other forum, administrative or otherwise, related to or arising

from any transactions, acts, omissions or occurrences up to and including the date of this

Agreement.

**7.0**   **Future Employment.**   Plaintiff acknowledges that she has been granted disability retirement by the New York City Employees' Retirement System, and acknowledges that she is not currently employed by CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY). Plaintiff agrees that she will not seek, apply for or accept employment or contracted work at CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) at any time in the future, and hereby waives any claim, right or cause of action that may accrue to her from rejection of any application for employment or contracted work at CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) that may have been submitted prior to the date of this Agreement. Should Plaintiff seek, apply for or accept employment or contracted work at CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) in violation of this Paragraph 7.0, and initiate any form of legal claim or action against CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) based upon such employment or contracted work, the parties to this Agreement agree that said claim or action will be null and void and subject to immediate dismissal with prejudice pursuant to this Paragraph 7.0. Plaintiff acknowledges that CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) has no obligation, contractual or otherwise, to hire, employ or contract Plaintiff in the future.

**8.0** __No Other Actions Pending.__  Other than The Actions, Plaintiff represents that she has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against CUNY (including, without limitation, Lehman College and any and all other constituent colleges, institutes, divisions, associations, units or any related entities of CUNY) on her own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that is currently pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for CUNY to enter into this Agreement.

**9.0** __No Prevailing Party.__  Neither Plaintiff nor CUNY shall be deemed a "prevailing party" for any purpose (including, without limitation, any statutory or contractual claim based upon "prevailing party" status) with respect to The Actions.

**10.0** __Successors and Assigns.__  The terms and conditions of this Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**11.0** __Authority.__  Each signatory to this Agreement hereby represents and warrants that he, she or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

**12.0** __Voluntary Agreement.__  Each of the parties hereto executes and delivers this Agreement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that he, she or it understands its terms, contents and effect.  Each of the parties hereto acknowledges that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney of his, her or its own choosing before agreeing to any settlement or release, and that no compromise or representation of any kind, other than as set forth or referred to

herein, has been made to any party hereto or any one acting on behalf of such party.

**13.0    No Admission of Liability.**  It is understood and agreed that any actions taken or payments made pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in The Actions or as constituting any admission of wrongdoing or liability on the part of CUNY, the State of New York or their representatives, employees and/or agents; and that CUNY expressly denies any wrongdoing or liability in connection with the claims in The Actions.  Nothing contained in this Agreement shall be deemed to constitute a policy or practice of CUNY or the State of New York.

**14.0    No Precedential Value.**  This Agreement shall not in any manner be construed as determinative of the issues raised in The Actions or any other proceeding and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop CUNY (including, without limitation, any and all constituent colleges, institutes, divisions, units or related entities thereof) or the State of New York in pending or future actions or proceedings, in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

**15.0    Entire Agreement.**  This Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto with respect to the subject matter of this Agreement, and may not be clarified, modified, changed or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**16.0    Governing Law.**  The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to Plaintiff's general release and waiver of federal claims pursuant to paragraph 6.0 of this Agreement.

**17.0    Severability.**  If any provision of this Agreement shall be held by a court of competent jurisdiction to be invalid, void or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**18.0    Headings.**  The headings contained in this Agreement are for convenience of reference only and are not a material part of this Agreement.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this

Agreement and accept and agree to the provisions contained herein, and have each executed this

Agreement to be effective on the day and date first above written.

**THIS AGREEMENT INCLUDES A RELEASE OF**
**ALL KNOWN AND UNKNOWN CLAIMS.**

CARMEN BURGOS

Dated: April _____, 2010

_____

STATE OF NEW YORK, COUNTY OF _____ : §§ :

On April ____, 2010, before me personally came and appeared CARMEN BURGOS, known to me or proved to me on the basis of satisfactory evidence to be the individual described in this "Settlement Agreement and General Release" and who duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

LAW OFFICES OF AMBROSE WOTORSON
Attorneys for Carmen Burgos in No. 08 Civ. 6452
By:

Dated: April _____, 2010

_____
Ambrose Wotorson
26 Court Street, Suite 1811
Brooklyn, New York 11242
Tel.: (718) 797-4861

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for The City University of New York
By:

Dated: April _____, 2010

_____
Charles E. Enloe
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
Tel.: (212) 416-8910

SO ORDERED:

Dated: April _____, 2010

_____
The Honorable Naomi Reice Buchwald, U.S.D.J.

January 30, 2012

Attention Mr. Ambrose Wotorson

On January 18, 2012 I phoned Patrina to inquire about my case. I was informed that I was no longer on the client list and that my case had been settled. However I have not signed a settlement and don't understand what has happened. I did leave my home and cell phone number with Patrina, which she told me she would get back to me to let me know what happened. As of today I have not received a return call.

Please let me know by February 13, 2012 what has happened.

Thank you
Carmen Burgos

*Carmen Burgos*

150 west 225th street
Bronx New York 10463 Apt#16a

Cert# 7007 1490 0004 7699 0209

---

**NDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
tem 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

aw offices of
mbrose Wotorson
uite 1811
26 Court Street
Brookly N.Y. 11242

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
1/3/12

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Exhibit 2

LAW OFFICES OF

# AMBROSE WOTORSON
A PROFESSIONAL CORPORATION
SUITE 1811
26 COURT STREET
BROOKLYN, N.Y. 11242
TELEPHONE: 718 797-4861
FACSIMILE: 718 797-4863

March 29, 2010

**VIA E-MAIL & FACSIMILE**
New York State
Office of the Attorney General
120 Broadway
New York, New York 10271
Attn.: Charles Enloe, AGG

Confidential and Subject to FRE 408

Re:     *Burgos v. City University New York Lehman College*
          SDNY Docket No.: 08-Civ-6452

Dear Ms. Enloe:

Ms. Burgos has confirmed that this firm is authorized to settle *Burgos v. Lehman College, et al.,* 08-civ-6452, in exchange for a lump sum of $10,000 to be paid within 30 days from the execution of a settlement agreement and a stipulation of dismissal.

Separately, Ms. Burgos has asked our firm to convey to you that she will settle *Burgos v. City University of New York et al.,* 10-civ-1239, for a lump sum of $2,000, also in the same manner and time frame as the first case.

Kindly indicate the State's acceptance or rejection of her offer on the second case on or before March 31, 2010.

Respectfully,
/s/
Ambrose Wotorson (AWW-2412)

cc: Carmen Burgos.

Exhibit 3

Case 1:08-cv-06452-NRB   Document 17   Filed 04/27/10   Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CARMEN E. BURGOS,

                              Plaintiff,

              - against -

LEHMAN COLLEGE and CITY UNIVERSITY OF NEW
YORK,

                              Defendants.
------------------------------------X

O R D E R

08 Civ. 6452  (NRB)

10 Civ. 1239  (NRB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/10

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

    It having been reported to this Court that these cases have
been settled, it is

    ORDERED that the above-captioned actions be, and hereby are,
dismissed without costs and without prejudice to restoring the
actions to this Court's calendar if the application to restore
the actions is made within 30 days.

DATED:    New York, New York
          April 27, 2010

                              NAOMI REICE BUCHWALD
                         UNITED STATES DISTRICT JUDGE

Exhibit 4

CLOSED, ECF, PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:08-cv-06452-NRB

Burgos v. Lehman College, et al
Assigned to: Judge Naomi Reice Buchwald
Cause: 42:12112 Americans with Disabilities Act of 1990

Date Filed: 07/18/2008
Date Terminated: 04/27/2010
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Carmen E. Burgos**

represented by **Ambrose Wotor Wotorson , Jr**
Law Offices of Ambrose Wotorson, P.C.
26 Court Street, Suite 1811
New York, NY 11242
718-797-4861
Fax: 718-797-4863
Email: LOAWW1650@AOL.COM
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lehman College**

represented by **Charles Ethan Enloe**
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
(212) 416-8910
Fax: (212) 416-6009
Email: charles.enloe@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antoinette W Blanchette**
New York State Office of the Attorney General (24th Floor)
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8619
Fax: (212) 416-6075
Email:
Antoinette.Blanchette@oag.state.ny.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**City University of New York**                    represented by **Charles Ethan Enloe**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antoinette W Blanchette**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2008 | 1 | ENDORSEMENT on Declaration in Support of Request to Proceed In Forma Pauperis, I.F.P. REQUEST IS GRANTED. (Signed by Judge Naomi Reice Buchwald on 7/18/08) (rdz) (Entered: 08/01/2008) |
| 07/18/2008 | 2 | COMPLAINT against City of New York Lehman College. Document filed by Carmen E. Burgos.(rdz) (Entered: 08/01/2008) |
| 07/18/2008 | | SUMMONS ISSUED as to City of New York Lehman College. (rdz) (Entered: 08/01/2008) |
| 07/18/2008 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (rdz) (Entered: 08/01/2008) |
| 08/22/2008 | 3 | AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION; amending 2 Complaint against City of New York Lehman College.Document filed by Carmen E. Burgos. Related document: 2 Complaint filed by Carmen E. Burgos.(pl) (Entered: 08/25/2008) |
| 09/10/2008 | 4 | NOTICE OF APPEARANCE by Antoinette W Blanchette on behalf of City of New York Lehman College (dle) (Entered: 09/11/2008) |
| 09/15/2008 | 5 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Antoinette W. Blanchette dated 9/10/2008 re: Counsel respectfully request that CUNY's time to answer, move or otherwise respond to the complaint in this action be extended from September 15, 2008 to October 17, 2008. ENDORSEMENT: So Ordered. (Signed by Judge Naomi Reice Buchwald on 9/12/2008) (jfe) (Entered: 09/15/2008) |
| 10/07/2008 | 6 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED Summons and Amended Complaint served. City of New York Lehman College served on 10/7/2008, answer due 10/27/2008. Document filed by Carmen E. Burgos. (jmi) (Entered: 10/09/2008) |
| 10/21/2008 | 7 | NOTICE OF APPEARANCE by Ambrose Wotor Wotorson, Jr on behalf of Carmen E. Burgos (Wotorson, Ambrose) (Entered: 10/21/2008) |
| 12/01/2008 | 8 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Ambrose W. Wotorson, Jr dated 11/26/2008 re: Counsel writes to request a brief extension of time until December 4, 2008 in which to file and serve plaintiff's amended complaint. ENDORSEMENT: So Ordered. (Signed by |

| | | |
|---|---|---|
| | | Judge Naomi Reice Buchwald on 12/1/2008) (jfe) (Entered: 12/01/2008) |
| 12/05/2008 | 9 | SECOND AMENDED COMPLAINT amending 3 Amended Complaint against City University of New York, Lehman College.Document filed by Carmen E. Burgos. Related document: 3 Amended Complaint filed by Carmen E. Burgos.(dle) (Entered: 12/09/2008) |
| 12/23/2008 | 10 | ENDORSED LETTER addressed to Judge Naomi Reice Buchwald from Antoinette W. Blanchette dated 12/17/08 re: Counsel for City University of New York (s/h/a City University of New York, Lehman College) request that CUNY's time to answer, move or otherwise respond to the Second Amended Complaint be extended from 12/23/08 to 1/12/09. ENDORSEMENT: Application granted. (Signed by Judge Naomi Reice Buchwald on 12/23/08) (tro) (Entered: 12/24/2008) |
| 01/08/2009 | 11 | ANSWER to Second Amended Complaint. Document filed by City University of New York. Related document: 9 Amended Complaint filed by Carmen E. Burgos.(pl) (Entered: 01/14/2009) |
| 01/14/2009 | 12 | ORDER: Plaintiff is now represented by counsel; It is hereby ordered that the Clerk of the Court is respectfully requested to place this case on the ECF system. So Ordered. (Signed by Judge Naomi Reice Buchwald on 1/13/08) (js) Copies Mailed by Chambers (Entered: 01/14/2009) |
| 01/14/2009 | | Case Designated ECF. (js) (Entered: 01/14/2009) |
| 01/21/2009 | 13 | ORDER FOR INITIAL PRETRIAL CONFERENCE: Initial Conference set for 1/29/2009 at 04:30 PM in Courtroom 21A, 500 Pearl Street, New York, NY 10007 before Judge Naomi Reice Buchwald. (Signed by Judge Naomi Reice Buchwald on 1/20/09) (db) (Entered: 01/21/2009) |
| 01/22/2009 | 15 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED as to Lehman College on 10/7/08. Service was accepted by Eric Washington. (dle) (Entered: 01/30/2009) |
| 01/29/2009 | 14 | NOTICE OF APPEARANCE by Charles Ethan Enloe on behalf of Lehman College, City University of New York (Enloe, Charles) (Entered: 01/29/2009) |
| 01/29/2009 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Initial Pretrial Conference held on 1/29/2009. (mro) (Entered: 02/05/2009) |
| 04/02/2009 | 16 | STIPULATED AND ORDER OF CONFIDENTIALITY...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Naomi Reice Buchwald on 4/1/2009) (jfe) (Entered: 04/02/2009) |
| 06/01/2009 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Subsequent Conference held on 6/1/2009. (mro) (Entered: 06/11/2009) |
| 11/04/2009 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Settlement Conference held on 11/4/2009. (mro) (Entered: 11/12/2009) |
| 11/19/2009 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Telephone Conference held on 11/19/2009. (tro) (Entered: 11/20/2009) |

| 03/05/2010 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Settlement Conference held on 3/5/2010. (mro) (Entered: 03/16/2010) |
|---|---|---|
| 04/01/2010 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Settlement Conference held on 4/1/2010. (tro) (Entered: 04/15/2010) |
| 04/13/2010 | | Minute Entry for proceedings held before Judge Naomi Reice Buchwald: Telephone Conference held on 4/13/2010. (mro) (Entered: 04/23/2010) |
| 04/27/2010 | 17 | ORDER: that the above-captioned actions be, and hereby are, dismissed without costs and without prejudice to restoring the actions to this Court's calendar if the application to restore the actions is made within 30 days. (Signed by Judge Naomi Reice Buchwald on 4/27/2010) (tve) (Entered: 04/27/2010) |

CLOSED, PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:10-cv-01239-NRB

Burgos v. City University of New York et al
Assigned to: Judge Naomi Reice Buchwald
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 02/17/2010
Date Terminated: 04/27/2010
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Carmen E. Burgos**

represented by **Carmen E. Burgos**
150 West 225th Street, Apt #16A
Bronx, NY 10463
PRO SE

V.

**Defendant**

**City University of New York**

**Defendant**

**Lehman College**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/17/2010 | 1 | ENDORSEMENT on Declaration in Support of Request to Proceed In Forma Pauperis, I.F.P. REQUEST IS GRANTED. (Signed by Judge Loretta A. Preska on 2/16/10) (ama) (Entered: 02/24/2010) |
| 02/17/2010 | 2 | COMPLAINT against City University of New York, Lehman College. Document filed by Carmen E. Burgos.(ama) (Entered: 02/24/2010) |
| 02/17/2010 | | SUMMONS ISSUED as to City University of New York, Lehman College. (ama) (Entered: 02/24/2010) |
| 02/17/2010 | | Magistrate Judge Gabriel W. Gorenstein is so designated. (ama) (Entered: 02/24/2010) |
| 04/27/2010 | 3 | ORDER: that the above-captioned actions be, and hereby are,dismissed without costs and without prejudice to restoring theactions to this Court's calendar if the application to restorethe actions is made within 30 days. (Signed by Judge Naomi Reice Buchwald on 4/27/2010) (tve) (Entered: 04/27/2010) |
| 10/22/2010 | | ***DELETED DOCUMENT. Deleted document number 4 ORDER. The document was incorrectly filed in this case. (jpo) (Entered: 11/10/2010) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/02/2012 15:35:30 | | |
| **PACER Login:** | us5070 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-01239-NRB |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carmen E. Burgos
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

City University of New York
_____

Lehman College
_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

<u>08</u>  Civ. <u>6452</u> (NRB) (___)


**AFFIRMATION OF SERVICE**


I, _____Carmen E. Burgos_____, declare under penalty of perjury that I have
         *(name)*

served a copy of the attached _____Notice of Motion_____
                                   *(document you are serving)*

upon _____Antoinette W. Blanchette_____ whose address is _New York State_
              *(name of person served)*

Office of Attorney General (24th floor) 120 Broadway, New York, NY 10271
_____
                        *(where you served document)*

by *Personal delivery*
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*


Dated: *New York*, *NY*
        *(town/city)*  *(state)*

*January* *15*, 20*13*
  *(month)*  *(day)* *(year)*

Signature

*Address* 2410 Barker Ave

*City, State* Bronx NY.

*Zip Code* 10467

*Telephone Number* 917-689-3159

*Rev. 05/2010*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carmen E. Burgos
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

08  Civ.  6452  (NRB) ( )

- against -

City University of New York
_____

Lehman College
_____

**AFFIRMATION OF SERVICE**

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, _____Carmen E. Burgos_____, declare under penalty of perjury that I have
                    *(name)*

served a copy of the attached _____Notice of Motion_____
                                      *(document you are serving)*

upon _____Charles Ethan Enloe_____ whose address is _New York State_
                *(name of person served)*

Office of Attorney General 120 Broadway,  New York, NY 10271
                        *(where you served document)*

by _personal delivery_
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: _New York_ , _NY_
        *(town/city)*    *(state)*

_January_  _15_ , 20 _13_
*(month)*    *(day)  (year)*

_____
Signature

2410 Brake Ave
Address

Bronx N.Y.
City, State

10467
Zip Code

917-699-3159
Telephone Number

*Rev. 05/2010*